IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
1:13 pm, Jun 06, 2025
JEFFREY P. COLWELL, CLERK

Kelly Keating Staggs,

Plaintiff,

v.        Civil Action No.: _____

Brixmor Property Group Inc.,

Defendant.

_____

COMPLAINT FOR DAMAGES - SLIP AND FALL PERSONAL INJURY

PARTIES

1. Plaintiff, Kelly Keating Staggs, is a resident of Arvada, Colorado.

2. Defendant, Brixmor Property Group Inc., is a corporation headquartered in New York and is authorized to do business in the state of Colorado. It owns and operates Westminster City Center located at 9270 Sheridan Boulevard, Westminster, CO 80031.

JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. § 1332 (diversity jurisdiction). The parties are citizens of different states, and the amount in controversy exceeds $75,000.

4. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because the events giving rise to the claim

occurred in Westminster, Colorado.

FACTUAL ALLEGATIONS

5. On June 12, 2023, Plaintiff was lawfully on the premises of Westminster City Center, specifically outside the David's Bridal store located at 9270 Sheridan Boulevard, Westminster, Colorado 80031.

6. While walking on the sidewalk, Plaintiff tripped and fell due to a dangerous and defective condition: uneven, eroded concrete caused by weed growth underneath the pavement.

7. The hazard was not marked or repaired. The sidewalk was uneven by more than a quarter inch, which constitutes a tripping hazard under ADA guidelines.

8. As a result of the fall, Plaintiff suffered a concussion, vomiting, and nausea, and required emergency medical treatment. She sustained facial disfigurement, including a root canal of a front tooth and damage to surrounding teeth. She continues to suffer from emotional trauma and ongoing physical pain.

9. Plaintiff repeatedly notified Gallagher Bassett Services, Inc. (the third-party administrator for Brixmor) about the hazardous condition, but her claims were misrepresented, ignored, and met with intimidation.

CAUSES OF ACTION

Negligence

10. Defendant owed a duty of care to maintain the premises in a reasonably safe condition.

11. Defendant breached that duty by failing to identify, warn about, or fix the hazardous sidewalk.

12. Defendant knew or should have known about the condition due to visible erosion and recurring weed growth.

13. As a direct and proximate result of Defendant's negligence, Plaintiff suffered severe personal injuries and financial damages.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and award:

a. Compensatory damages in excess of $75,000;

b. Costs of this action;

c. Any other relief the Court deems just and proper;

d. A trial by jury on all issues so triable.

Respectfully submitted,

/s/ Kelly Keating Staggs

Kelly Keating Staggs

10237 W. 77th Circle

Arvada, CO 80005

(720) 380-7239

kkjandt@comcast.net

Pro Se Plaintiff